# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 13, 2020

Lyle W. Cayce
Clerk

No. 20-10336
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

EDGAR IVAN LIRA ESTRADA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-342-S-1

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:*

Edgar Ivan Lira Estrada pled guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). He was sentenced to 90 months of imprisonment. Lira Estrada argues that his sentence should not have been enhanced under § 1326(b)(2). He contends that § 1326(b)(2) defines a

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

separate offense, and that because his indictment did not allege a prior conviction, it charged only a general violation of § 1326 and failed to invoke the sentencing enhancement in 8 U.S.C. § 1326(b)(2). This, he says, violates his due process rights. Lira Estrada concedes that his argument is foreclosed, but he raises it to preserve it for further review.

The Government moves for summary affirmance. As Lira Estrada concedes, the sole issue raised on appeal is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625–26 (5th Cir. 2007). Because the issue is foreclosed, summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the Government's motion for summary affirmance is GRANTED; the alternative motion for an extension of time is DENIED AS MOOT; and the district court's judgment is AFFIRMED.